**TAYLOR & GOMEZ, LLP**
Benjamin Taylor, SBN: 023868
2600 North 44th Street, Suite B-101
Phoenix, Arizona 85008
Phone: 602-403-0212 Fax: 602-957-3257
E-mail: bt@taylorgomezlaw.com

BIHN & MCDANIEL, P.L.C.
2600 N. Central Ave, Suite 1775
Phoenix, Arizona 85004
(602) 248 9779
Martin A. Bihn (014338)
mbihn@phxlegal.com
Donna M. McDaniel (017366)
donna@phxlegal.com
Attorneys for PLAINTIFF

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Dion Rabouin,<br><br>Plaintiff,<br><br>vs.<br><br>Caleb Zimmerman;<br><br>Defendant. | NO.<br><br>**COMPLAINT** |

Plaintiff, through undersigned counsel, alleges as follows for his Complaint against Defendants.

PARTIES

1. Plaintiff Dion Rabouin ("Rabouin") is African American and a resident of Maricopa County, Arizona.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

2. Defendant Caleb Zimmerman ("Zimmerman") is, upon information and belief, a resident of Maricopa County, Arizona.

3. At all relevant times, defendant Zimmerman was employed by the City of Phoenix as a police officer.

4. Defendant Zimmerman is sued in his individual capacity.

JURISDICTION and VENUE

5. This action arises under 42 U.S.C. § 1983 and this court has jurisdiction pursuant to 28 USC s 1331.

6. Defendant caused events to occur in Maricopa County giving rise to this case.

7. Venue is proper in the Arizona District Court.

ALLEGATIONS COMMON TO ALL CLAIMS

8. Rabouin is a journalist who, during the relevant time period, was employed by the Wall Street Journal.

9. On November 23, 2022, Rabouin went to a Chase Bank branch in North Phoenix to conduct interviews for a story he was working on involving interest rates on savings accounts.

10. Rabouin stood on a public sidewalk and engaged in newsgathering.

11. Bank employees called the police about Rabouin.

12. Zimmerman arrived in response to the call from the bank and spoke with the bank manager.

13. Then bank manager told Zimmerman that other bank employees had asked Rabouin to leave.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

14. Zimmerman approached Rabouin on the public sidewalk and asked for his identification so that he could charge Rabouin with trespassing.

15. At no point until then had Rabouin been asked to leave the sidewalk outside the bank by Chase personnel or anyone else.

16. Rabouin told the Zimmerman that no one had asked him to leave and he declined to provide his identification because he had done nothing wrong.

17. In spite of his clear right to be on the sidewalk and engage in newsgathering, Rabouin offered to leave.

18. Because a request to leave is required to formally trespass, when presented with conflicting stories, Zimmerman could have either sought additional evidence to resolve the discrepancy or exercised a de-escalation technique that could have resolved the issue and eliminated the need for any further police action.

19. Instead, Zimmerman escalated the situation and decided to detain Rabouin.

20. Zimmerman grabbed and detained Rabouin and handcuffed him.

21. A civilian observing the situation recorded the encounter on her cellphone.

22. Zimmerman asked the civilian witness if she wanted to be arrested as well.

23. Zimmerman moved Rabouin to his police vehicle and placed Rabouin in the back seat.

24. Zimmerman then proceeded to search Rabouin, extracted his wallet from his pocket, opened the wallet and extracted his driver's license.

25. Rabouin's demeanor throughout the incident was calm and professional.

26. Rabouin's detention ended when Zimmerman released him from the handcuffs and told Rabouin that he needed to leave the sidewalk outside the Chase bank or he would be arrested and charged with trespassing.

27. Rabouin left.

28. Rabouin filed a complaint with the Phoenix Police Department ("PPD") on November 28, 2022.

29. PPD opened an internal investigation into the incident and closed it on December 9, 2022 finding Zimmerman violated no policies.

30. Following media coverage of the incident in January 2023, PPD opened a second investigation.

31. The Phoenix Office of Accountability and Transparency ("OAT"), a Phoenix City entity charged with overseeing PPD opened its own investigation into PPD's investigation of the incident.

32. The PPD and OAT investigations during a period in which the US Department of Justice ("DOJ") was also conducting a pattern or practice investigation of the PPD.

33. PPD concluded its investigation in May 2023 concluding that Zimmerman had breached policies by searching Rabouin without establishing an arrest.

34. PPD determined that other allegations against Zimmerman were unfounded, including the allegation Zimmerman wrongfully detained Rabouin due to his race.

35. In January 2024, OAT released its report highlighting shortcomings in PPD's investigation including PPD's failure to investigate race based bias as a factor in Rabouin's detention.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

36. In June 2024, the Department of Justice ended its investigation of PPD concluding that there is reasonable cause to believe that the City of Phoenix and the Phoenix Police Department engage in a pattern or practice of conduct that deprives its residents and visitors, including Black, Hispanic, and Native American people, of their rights under the Constitution and federal law.

37. Phoenix Mayor Gallego formally apologized to Rabouin telling him she was deeply sorry for the way Rabouin had been treated.

COUNT I

VIOLATION OF 42 USC § 1983

AGAINST DEFENDANT ZIMMERMAN INDIVIDUAL CAPACITY

38. Rabouin incorporates paragraphs 1 through 37 above as if fully set forth herein.

39. Defendant Zimmerman is a person, acting under color of state law, whose actions in: (1) detaining Rabouin, (2) handcuffing Rabouin, (3) placing Rabouin in a police vehicle and (4) searching inside of Rabouin's pockets and seizing his wallet all violated Rabouin's Fourth Amendment rights.

40. Defendant Zimmerman's actions, as alleged herein, were intentional and/or undertaken in reckless disregard for Rabouin's rights.

41. As a result of Zimmerman's actions, Rabouin has been harmed.

42. Rabouin is entitled to his attorneys' fees and costs pursuant to 42 USC § 1988.

BIHN & McDANIEL, P.L.C.
ATTORNEYS AT LAW
SUITE 1775
2600 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85004
(602) 248-9779

**WHEREFORE**, Rabouin prays for judgment against Defendant Zimmerman, as follows:

A. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

B. punitive damages on all claims allowed by law against Defendant Zimmerman in an amount to be determined at trial;

C. attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees;

D. any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

Dated this ______ day of October 2024.

BIHN & McDANIEL, P.L.C.

_________________________
Martin A. Bihn